## MIDDLESEX FABRIC CO. v. ROYAL INDEMNITY CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1369. Decided Feb. 27, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

625.—INDEMNITY BONDS.

Selling goods on credit held not to constitute fraud or dishonesty within terms of indemnity bond.

Error to Common Pleas.
Judgment affirmed.

Chalmers M. Hamill, Akron, for Fabric Co.
Herberich & Weick, Akron, for Indemnity Co.

FULL TEXT.

PER CURIAM:

The parties stand in this court as they did in the trial court, in which court the plaintiff sued the defendant, the Royal Indemnity Co., upon a bond executed by it for the Farley-McCreary Co. to cover one George B. Thomas, who, the plaintiff claims, was the bailee of said the Farley-McCreary Co., in that he was to receive and properly warehouse and store certain tire fabric which the Farley-McCreary Co. was to ship to him from time to time, and that he was to deliver the same to purchasers from time to time only as directed by the Farley-McCreary Co., and only upon payment in full of the purchase price thereof. The plaintiff further alleged that—

"The Royal Indemnity Co. agreed to make good to the Farley-McCreary Co. such pecuniary loss of money, funds or other personal property as the Farley-McCreary Co. should sustain by any act or acts of fraud or dishonesty, including forgery, theft, embezzlement, wrongful abstraction or misapplication, directly or through connivance with others, on the part of said George B. Thomas."

The plaintiff further alleged that the condition of said bond had become broken and that the said the Farley-McCreary Co. did sustain pecuniary loss of money, funds and other personal property, by the acts of fraud and dishonesty, directly and through the connivance of others, on the part of the said George B. Thomas, in this, to wit:

"That without direction so to do and without receiving payment or collecting the purchase price thereof and without remitting the purchase price or any part thereof to the Farley-McCreary Co. or to the plaintiff, the defendant George B. Thomas delivered fabric of the Farley-McCreary Co. then in his possession under said contract to the Thomas Rubber Co. or to other persons unknown to plaintiff in the amount of $1,297.54; that without directions so to do and without receiving payment or collecting the purchase price thereof, and without remitting the purchase price or any part thereof to the Farley-McCreary Co. or to the plaintiff, the defendant George B. Thomas delivered fabric of the Farley-McCreary Co. then in

his possession under said contract to parties at times unknown to the plaintiff in the amount of $1,998.62, and ever since the delivery thereof has refused and now refuses to account for the same."

To this petition, which was the fourth one filed by the plaintiff in error, a general demurrer was filed by the Royal Indemnity Co., which demurrer was sustained; and the plaintiff not desiring to plead further, final judgment was entered in favor of said Royal Indemnity Co.

The plaintiff in this court claims this was error, because his petition did in fact state a cause of action.

Giving to the petition a liberal construction, we are forced to disagree with the plaintiff in error and agree with the trial court that the acts complained of, as stated in the petition, were that the said George B. Thomas violated the terms of his contract by selling the tire fabric entrusted to his care, on credit, without receiving any money or other valuable thing from those to whom he sold it. Selling these goods on credit not being fraud or dishonesty within the terms of the bond, the plaintiff does not state a cause of action against said indemnity company, and the judgment of the trial court will be affirmed.

(Washburn, PJ., Funk, J., and Pardee, J., concur.)